199 So. 547

### BROCKMAN v. STATE.

7 Div. 577.

Court of Appeals of Alabama.

Feb. 18, 1941.

E. W. Harmon, of Anniston, for appellant.

Thos. S. Lawson, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

This appellant and another, one Charlie Owens, were jointly indicted by the grand jury of Calhoun Circuit Court, at the Spring Term 1940, charged with the offense of murder in the first degree. Specifically, that the two named defendants, unlawfully and with malice aforethought, killed John Walker by burning him with fire, the exact means of such burning being unknown to the grand jury, etc.

Before entering upon the trial the court, upon motion, granted a severance, and Buster Brockman, this appellant, was put to trial alone.

The trial of this appellant was had, in the lower court, on March 26, 1940, and said trial resulted in his conviction of the offense of manslaughter in the first degree, the jury returning the following verdict, viz.: "We, the jury, find the defendant guilty of manslaughter in the first degree as charged in the indictment, and fix his punishment at 10 years in State penitentiary," etc. Judgment of conviction was duly pronounced and entered, in accordance with the verdict of the jury. From said judgment this appeal was taken and was here submitted on January 16, 1941.

The record contains several given, and refused, special written charges. Also defendant's motion for a new trial which was overruled and denied by the trial judge.

There is no bill of exceptions in the transcript, nor is the oral charge of the court set out in the record. Under this status of the record, the question of the rulings of the trial court in the refusal of the special written charges requested, and in overruling and denying the motion for a new trial, are not presented for consideration on this appeal. The only question therefore before us, is the regularity of the proceedings of the trial in the lower court, as shown by this record.

We have examined the record for error apparent thereon, and find none. It follows that the judgment of conviction from which this appeal was taken must stand affirmed. It is so ordered.

Affirmed.